UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| KRATOS ENTERPRISES HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NOVA ORTHO-MED, INC. <br><br> Defendants. | CA No: _____ <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Kratos Enterprises Holdings, LLC ("Kratos") files this Complaint against defendants Nova Ortho-Med, Inc. ("Nova"), based upon actual knowledge as to itself and its own actions, and upon information and belief as to all other persons and events, as follows:

**Parties**

1. Kratos is a Michigan limited liability company with its principal place of business in St. Clair Shores, Michigan. Kratos is the assignee and owns all right, title, and interest to U.S. Patent Number 9,345,354, referred to below as the '354 Patent.

2. On information and belief, Nova is a California corporation with its principal place of business in Carson, California. Nova engages in the development, manufacture, and distribution of mobility, bathroom safety and independent living products that provide function and fashion for physically challenged people. Nova may be served with process by service on Nathan Lowenstein,

the attorney representing Nova, of Lowenstein & Weatherwax LLP, 1880 Century Park East, Suite 815, Los Angeles, CA 90067.

**Jurisdiction and Venue**

3. This claim arises under the United States patent laws, 35 U.S.C. § 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Nova has regularly engaged in business in this State and District and purposefully availed themselves of the privilege of conducting business in this District, for example, by offering for sale, selling, installing and/or making available designer canes and cane carousels in this District and Division. In particular, Nova continues to sell designer canes at physical locations such as Kroger stores, and online at Amazon. These activities infringe the '354 Patent. Accordingly, this Court has personal jurisdiction over Nova.

5. Venue is proper in this District and Division, under 28 U.S.C. §§ 1391 and 1400. Nova does business, has infringed, and continues to infringe the '354 Patent within this District and Division.

**Factual Background**

6. On May 24, 2016, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,345,354, entitled "MERCHANDISE DISPLAY SYSTEM". A true and correct copy of the '354 Patent is attached as Exhibit A. Since its issuance, the '354 Patent has been in full force and effect. Kratos owns all

right, title, and interest to the '354 Patent, including the right to sue for past, present, and future infringements.

7. Kratos and Nova have a long-standing dispute. The long-standing dispute stems from the design of a "cane carousel". Both parties filed competing patent applications. Stephen Nicolopulos, CEO of Kratos, was hired by Nova to develop a cane display system in early 2006. John Gunther, of Kratos, was contacted by Stephen Nicolopulos to help develop the cane display system. Tom Moeller was hired by John Gunther to model the design and provide design input. Stephen Nicolopulos, John Gunther and Tom Moeller (the Kratos team) are the named inventors of the '354 Patent. The competing patent applications were the subject of Patent Interference No. 105,975. Any contribution by Nova were held to be insufficient to support conception. Nova's issued patent, United States Patent No. 8,141,719 (the '719 Patent) was found to be invalid. The '354 Patent issued.

8. During the 2006 time frame, Stephen Nicolopulos advanced large sums of money (estimated at $125,000) for the design and development of the cane carousel. Despite assurances relied on by the Kratos team, Nova did not pay Stephen Nicolopulos, or the Kratos team, for the advanced money. Nova did not pay Stephen Nicolopulos for his design work and/or development of the project. John Gunther was also not paid for all of his work. During the design and development phase, the relationship between Stephen Nicolopulos and Nova broke down. Stephen Nicolopulos expected to recover some of the money he spent designing and developing the cane carousel by acting as the sole supplier to Nova for the so-called "hub portion" of the cane carousel

to Nova on an ongoing basis. An oral agreement was also believed to be in place for Stephen Nicolopulos to receive a royalty on each clamshell and/or each cane sold. As part of the agreement, the Kratos team helped Nova finalize the production of the so-called "clamshell portion" of the cane carousel. The Kratos team provided an initial batch of hub samples, but never released the mold needed to make the hubs. The Kratos team never authorized Nova to use the mold. Nova somehow gained unauthorized access to the mold. After the unauthorized access, Nova was able to produce the cane carousel and completely avoid compensating the Kratos team.

9.      Nova has profited greatly from their misappropriation and/or infringement. As evidenced in the Patent Interference Number 105,975, orders in the amount of over $122,000 were supplied to one of Nova's customers (CVS Pharmacy) in late 2006. CVS has nearly 7,600 stores. Various numbers of the Kratos team have personally seen the cane carousel and/or the Nova canes in CVS stores in California, Michigan and Puerto Rico. Kratos believes Nova had sales in all of the CVS stores in the US. Kratos estimates Nova sold between 2 million and 5 million canes since the publication date of the '354 Patent. Nova is believed to have actual knowledge prior to the publication date. Nova routinely displayed designer canes on the cane carousel to promote sales. Nova has marketed sales of canes on Amazon.com as including "a cane carousel compatible clamshell".

### Proceedings Before the U.S. Patent Trial and Appeal Board

10.     On September 31, 2013, Patent Interference Number 105,975, Nova Ortho-Med, Inc. v. Kratos Enterprises, LLC was declared. The Administrative Patent Judges of the U.S. Patent Trial

and Appeal Board issued judgments favorable to Kratos on December 4, 2015.  The judgments are attached as Exhibit B.

11.   The U.S. Patent Trial and Appeal Board ordered a judgment on priority against Nova and further ordered that Nova is not entitled to a patent including the subject matter of claims 1-2 of the '719 Patent.

12.   U.S. Patent Application Serial No. 11/941,835 issued as the '354 Patent, with a priority date of November 16, 2007.  Nova is well-aware of the long-standing dispute and that the products they sold were potentially infringing.  Nova's efforts to prevent Kratos from obtaining the '354 Patent have failed.  The claims of the '354 Patent contain a claim (18) in substantially identical form as the publication (dependent claim 6) and are therefore in condition for pre-issuance damages back to the publication date of November 16, 2007.  Since the judgments of the Patent Interference Number 105,975, Nova has not engaged in reasonable settlement negotiations.  As a last resort, Kratos has filed this complaint.

**Count 1 –Nova's Infringement of U.S. Patent No. 9,345,354**

13.   Kratos incorporates by reference the material factual allegations above.

14.   Nova has infringed and continues to infringe the '354 Patent, both literally and by the doctrine of equivalence, by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '354 Patent.

15. Furthermore, Nova has induced infringement of the '354 Patent and/or have committed acts of contributory infringement of the '354 Patent.

16. Nova's activities have been without express or implied license from Kratos.

17. Nova will continue to infringe, either literally or under the doctrine of equivalents, the '354 Patent unless enjoined by this Court.  As a result of Nova's infringing conduct, Kratos has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Kratos is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

18. As a result of the infringement of the '354 Patent by Nova, Kratos has been damaged, will be further damaged, and is entitled to be compensated for such damages back to the publication date of November 16, 2007, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

**Willful Infringement**

19. Kratos incorporates by reference the material factual allegations above.

20. Nova's past and continuing infringement of the '354 Patent has been deliberate and willful.  Their conduct warrants an award of treble damages, pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorney fees to KRATOS, pursuant to 35 U.S.C. § 285.

**Convoyed Sales**

21. Kratos incorporates by reference the material factual allegations above.

22. Nova's past and continuing infringement of the '354 Patent has been directly related to the sale of other products. In particular, the sales of designer canes. Their conduct warrants a disgorgement of profits resulting from convoyed sales (*Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir.), cert. denied, 516 U.S. 867 (1995).*; Mosinee Paper Corp. v. James River Corp. of Virginia*, 1992 WL 41690, 22 U.S.P.Q.2d 1657, 1662 (E.D. Wis. Feb. 18, 1992)).

## Equitable Relief

23. Kratos incorporates by reference the material factual allegations above.

24. Nova's misappropriation of the mold used to manufacture of the hub portion of the cane carousel has made it impossible for Kratos to police infringement by Nova and others. Nova knew, or should have known, that the release of the mold design was unauthorized. Nova should not profit from their misappropriation. Nova's conduct warrants equitable relief for reasonable lost profits.

## Jury Trial Demand

25. Kratos demands a trial by jury on all appropriate issues.

## Prayer for Relief

Therefore, upon final hearing or trial, plaintiff Kratos prays for the following relief:

(a) A judgment that Nova has infringed the '354 Patent;

(b) A judgment and order permanently restraining and enjoining Nova, their directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringing the '354 Patent;

(c) A judgment and order requiring Nova to pay at least $25 million in damages (3-5 million canes sold times $1-$5 per cane) to Kratos adequate to compensate Kratos for Nova's wrongful infringing acts, in accordance with 35 U.S.C. § 284;

(d) A judgment and order requiring Nova to pay increased damages up to three times, in view of their willful and deliberate infringement of the '354 Patent;

(e) A finding in favor of Kratos that this is an exceptional case, under 35 U.S.C.§ 285, and an award to Kratos of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

(g) A judgment and order requiring Nova to pay to Kratos a royalty fee on profits obtained resulting from convoyed sales related to the infringement of the '354 Patent;

(h) A judgment and order requiring Nova to pay to Kratos pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded; and

(i) Such other costs and further relief, to which Kratos is entitled.


Dated: July 1, 2016

Respectfully submitted,

 /s/ Christopher P. Maiorana 
Christopher P. Maiorana
State Bar No. P49225
24840 Harper Ave., Suite 100
St. Clair Shores, MI 48080
(586) 498-0670
(586) 498-0673 (Fax)
Attorney-in-Charge for Plaintiff
Kratos Enterprises Holdings, LLC